IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Intelligent Change, LLC<br><br>Plaintiff<br><br>vs.<br><br>Guoquan Huang<br><br>Defendant. | Civil Action No. 3:26-cv-751 |

**COMPLAINT**

**COMES NOW** the Plaintiff, Intelligent Change, LLC (hereinafter, "Intelligent Change"), by and through the undersigned counsel, and for its Complaint against Defendant Guoquan Huang (hereinafter, "Defendant"), does hereby allege and aver:

**NATURE OF THE ACTION**

1. This is an action for trade dress infringement and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. §1114; unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1; and trademark infringement and unfair competition under North Carolina common law.
2. For more than a decade, Intelligent Change has designed, marketed, and sold THE FIVE MINUTE JOURNAL, a premium guided gratitude journal distinguished by a consistent, minimalist product appearance and presentation, together with a distinctive arrangement

of source-identifying design elements (collectively, the "THE FIVE MINUTE JOURNAL Trade Dress").

3. Upon information and belief, Huang controls and operates the Amazon marketplace seller and brand storefront known as "GOSSIP FOX" and is responsible for manufacturing, importing, advertising, offering for sale, selling, and distributing the accused gratitude journal identified by Amazon Standard Identification Number B0B4BC97JT (the "Accused Product").

4. The Accused Product copies the overall commercial impression of the THE FIVE MINUTE JOURNAL Trade Dress and is marketed for the same purpose, to the same consumers, through the same online channel. Defendant's conduct is likely to cause consumers to believe incorrectly that the Accused Product originates with, is affiliated with, is licensed by, or is sponsored or approved by Intelligent Change.

**PARTIES**

5. The Plaintiff, Intelligent Change, LLC, is a limited liability company organized under the laws of Delaware, with a registered address at 8 The Green, Suite 4000, Dover, Delaware 19901.

6. Upon information and belief, Defendant Guoquan Huang is an individual residing in the People's Republic of China at an address presently unknown to Intelligent Change and within Defendant's exclusive knowledge. Defendant has applied to the United States Patent and Trademark Office to register the mark GOSSIP FOX (U.S. Trademark Registration No. 7,488,522), listing an address of Shanbei Village Group, Changkeng Village, Yichun City, 336000 China. Defendant conducts commercial activity in the United States through the Amazon.com GOSSIP FOX seller account and storefront.

7. Upon information and belief, Defendant owns, controls, directs, and receives proceeds from the GOSSIP FOX seller account and the sale of the Accused Product, and personally authorized, directed, participated in, or is the moving force behind the conduct alleged below.

**JURISDICTION AND VENUE**

8. This Court has both diversity and federal question jurisdiction over this case.

9. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the Defendant is a citizen of a foreign country.

10. This Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

11. This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

12. This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act claim so as to form part of the same case or controversy under Article III of the United States Constitution.

13. Upon information and belief, Defendant has sufficient contacts with this State and District such that this Court's exercise of personal jurisdiction over it comports with traditional notions of fair play and substantial justice.

14. Defendant has purposefully availed itself of the benefits of doing business in this State and District. Specifically, Defendant has advertised, sold, and delivered the Accused Product

in this State and District. The cause of action asserted herein arises out of Defendant's contact with the forum, accordingly, this Court has Specific Personal Jurisdiction over Defendant.

15. In the alternative, this Court has personal jurisdiction and venue over Defendant based on its contacts with the United States as a whole, pursuant to FRCP 4(k)(2) based on the conduct described herein and at least the below additional contacts with the United States.

16. Upon information and belief, Defendant operates an Amazon-based online storefront under the brand name GOSSIP FOX that focuses heavily on gratitude journals and self-improvement notebooks.

17. Defendant has filed multiple United States Trademark Applications with the United States Patent and Trademark Office. Because Defendant is domiciled in a foreign country, it must appoint a United States attorney as its domestic representative before the United States Patent and Trademark Office.

18. Defendant has appointed a United States attorney for each trademark application it has filed with the United States Patent and Trademark Office.

19. Defendant is the owner of United States Trademark Registration No. 7488522 for the mark GOSSIP FOX.

20. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**INTELLIGENT CHANGE AND THE FIVE MINUTE JOURNAL TRADEMARKS AND TRADE DRESS**

21. Intelligent Change is a global wellness and lifestyle brand that launched in 2013.

22. Intelligent Change develops thoughtfully designed journals and personal-development tools intended to help consumers build positive habits and live more fulfilling lives.

23. Intelligent Change has a flagship notebook product that it offers under the trademark THE FIVE MINUTE JOURNAL.

24. The THE FIVE MINUTE JOURNAL notebook is a guided, undated gratitude journal organized around a brief morning and evening writing routine.

25. Intelligent Change introduced the THE FIVE MINUTE JOURNAL notebook in approximately 2013 and has sold it continuously in interstate and international commerce since that time.

26. Intelligent Change has more than 3 million copies of its THE FIVE MINUTE JOURNAL notebook and has invested substantial time, effort, and resources in designing, advertising, promoting, and protecting the THE FIVE MINUTE JOURNAL brand and the goodwill associated with it.

27. Intelligent Change's product line enjoys a high level of notoriety having been featured in publications such as Business Insider, USA TODAY, Forbes, The Huffington Post, The New York Times, and Vogue.

28. The THE FIVE MINUTE JOURNAL notebook is also the subject of celebrity endorsements from the likes of Emma Thomson, Brett Eldridge, and Lily Collins. The product is widely available online and in traditional brick-and-mortar retailers such as Target, Anthropologie, Barnes & Noble, Nordstrom, Target and The Talbots.

29. Intelligent Change is the owner of multiple United States Trademark Registrations for the mark FIVE MINUTE JOURNAL including United States Trademark Registration Nos 4,596,523, 5,350,016 and 7,076,482 (hereinafter, "the '523 Registration", "the '016 Registration," and "the '482 Registration", respectively. True and correct copies of the Certificates of Registration are attached hereto as Exhibit 1.

30. In addition to the marks embodied in the ‘523 Registration, the ’016 Registration and the ‘482 Registration, Intelligent Change owns United States Trademark Registration No. 8,268,983 (hereinafter, the “’983 Registration”) for the following stylized design mark:

*The*
FIVE MINUTE
JOURNAL

A true and correct copy of the ‘983 Registration is attached hereto as Exhibit 2.

31. In addition to the FIVE MINUTE JOURNAL and THE FIVE MINUTE JOURNAL + Design trademarks discussed above, Intelligent Change is also the owner of the THE FIVE MINUTE JOURNAL Trade Dress.

32. The THE FIVE MINUTE JOURNAL Trade Dress consists of the overall appearance and commercial impression created by the combination of the following elements, among others: (a) A rectangle with a beige background suggesting a linen finish; (b) In the upper third of the rectangle is a block of text bordered horizontally by two black bars; (c) The block is centered vertically; (d) Between the bars are three stacked lines of type in black, centered vertically; (e) The word THE in cursive font is the first line, the words FIVE MINUTE in all caps font is the second line, the word JOURNAL in all caps font is the third line; and (f) Extending from near the lower left corner of the rectangle is a short bit of black fabric bookmark ribbon.

33. A true and accurate image of the THE FIVE MINUTE JOURNAL Trade Dress appears below:




34. Intelligent Change claims rights in the combination and overall commercial impression of these elements, not in any individual functional feature, journaling concept, ordinary word, or feature standing alone.

35. The particular selection, arrangement, proportion, styling, and presentation of the THE FIVE MINUTE JOURNAL Trade Dress are ornamental and source-identifying. Alternative cover treatments, materials, colors, typography, page arrangements, and visual presentations are readily available to competitors without copying Intelligent Change's overall commercial impression.

36. The THE FIVE MINUTE JOURNAL Trade Dress is nonfunctional because its overall design is not essential to the use or purpose of a gratitude journal, does not affect the cost or quality of the journal, and does not place competitors at a significant non-reputation-related disadvantage.

37. Through long, continuous, and substantially exclusive use, extensive sales, advertising, unsolicited media attention, customer recognition, and deliberate copying by others, the

THE FIVE MINUTE JOURNAL Trade Dress has acquired secondary meaning and identifies Intelligent Change as the source of the product.

38. Consumers encountering the THE FIVE MINUTE JOURNAL Trade Dress understand that journals bearing that overall appearance originate from, are affiliated with, or are sponsored or approved by Intelligent Change.

39. Intelligent Change owns valuable goodwill in the THE FIVE MINUTE JOURNAL Trade Dress.

40. Intelligent Change is the owner of United States Trademark Application Serial No. 50/107,315 for the THE FIVE MINUTE JOURNAL Trade Dress.

**DEFENDANT'S UNLAWFUL CONDUCT**

41. Upon information and belief, Defendant manufactures, imports, advertises, offers for sale, sells, and distributes gratitude journals in United States commerce under the GOSSIP FOX name.

42. Defendant offers the Accused Product for sale on Amazon.com at https://www.amazon.com/dp/B0B4BC97JT. The listing identifies the product as "The Gratitude Journal for More Happiness, Optimism, Affirmation & Reflection" and identifies GOSSIP FOX as the brand and seller.

43. The Amazon listing describes the Accused Product as an undated, natural-linen hardcover gratitude journal with a dark ribbon bookmark. The listing promotes completing the journal in only a few minutes per day and describes morning prompts for gratitude and affirmation and evening prompts for positive events and self-reflection.

44. The Accused Product is a substantially less expensive competing product and is offered to the same class of consumers through the same online marketplace and search results in which consumers seek the THE FIVE MINUTE JOURNAL.

45. Upon information and belief, Defendant had actual or constructive knowledge of the THE FIVE MINUTE JOURNAL and its distinctive trade dress before adopting the Accused Product's design. The THE FIVE MINUTE JOURNAL predates the Accused Product by years, is widely advertised and sold online, and is readily visible in Amazon search results for gratitude journals and "five minute journal" products.

46. Defendant copied numerous elements of the THE FIVE MINUTE JOURNAL Trade Dress and combined them in the Accused Product so as to create a substantially similar overall commercial impression, including: (a) a rectangle with a beige background suggesting a linen finish; (b) a block of text bordered horizontally by two black bars in the upper third of the rectangle; (c) the text block is centered vertically; (d) between the bars of the text block are three stacked lines of type in black, centered vertically; (e) The word THE in cursive font is the first line, the word GRATITUDE in all caps font is the second line, the word JOURNAL in all caps font is the third line; and (f) Extending from near the lower left corner of the rectangle is a short bit of black fabric bookmark ribbon.

47. True and correct images of the Accused Product on Defendant's GOSSIP FOX Amazon storefront appear below:







48. Defendant has made sales into North Carolina, including the sale of the Accused Product that was delivered into this District.

49. A true and correct image of an Accused Product sold by Defendant that was delivered to this State and District appears below:



50. Defendant’s imitation is reinforced by marketing that associates the Accused Product with completion in “a few minutes” per day and targets consumers searching for the THE FIVE MINUTE JOURNAL.

51. Defendant’s use of the copied trade dress is without Intelligent Change’s authorization, consent, license, sponsorship, or approval.

52. Because the parties’ products are highly similar, directly competitive, relatively inexpensive, marketed through the same channel, and commonly selected through quick online purchasing decisions, consumers are likely to believe that the Accused Product is made by, affiliated with, licensed by, sponsored by, or otherwise connected to Intelligent Change.

53. Defendant’s conduct deprives Intelligent Change of control over the quality and reputation associated with its trade dress, erodes the distinctiveness of the THE FIVE MINUTE JOURNAL Trade Dress, damages Intelligent Change’s goodwill, and causes lost sales and profits.

54. Upon information and belief, Defendant’s conduct is intentional, willful, and undertaken in bad faith to trade on the reputation and goodwill that Intelligent Change has developed in the THE FIVE MINUTE JOURNAL Trade Dress.

## CLAIM I
## TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND FEDERAL UNFAIR COMPETITION
## (Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

55. Intelligent Change incorporates by reference Paragraphs 1 through 54 as though fully set forth herein.

56. Intelligent Change owns valid, protectable rights in the nonfunctional the THE FIVE MINUTE JOURNAL Trade Dress, which has acquired secondary meaning and identifies Intelligent Change as the source of the product.

57. Defendant, without Intelligent Change's consent, has used in commerce a confusingly similar product design, trade dress, false designation of origin, and false or misleading description or representation of fact in connection with the advertising, offer for sale, sale, and distribution of the Accused Product.

58. Defendant's conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Intelligent Change, and as to the origin, sponsorship, or approval of Defendant's goods by Intelligent Change.

59. Defendant's conduct constitutes trade dress infringement, false designation of origin, and unfair competition in violation of 15 U.S.C. § 1125(a).

60. Upon information and belief, Defendant's infringement is intentional, willful, and in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a).

61. Upon information and belief, Defendant intentionally copied the THE FIVE MINUTE JOURNAL Trade Dress which gives rise to a presumption of secondary meaning.

62. Upon information and belief, Defendant intentionally copied the THE FIVE MINUTE JOURNAL Trade Dress which gives rise to a presumption of likelihood of confusion.

63. As a direct and proximate result of Defendant's conduct, Intelligent Change has suffered and will continue to suffer irreparable injury, lost sales, damage to goodwill, loss of control over its reputation, and monetary damages in an amount to be proven at trial.

64. Intelligent Change is entitled to injunctive relief under 15 U.S.C. § 1116 and to recover, subject to proof and equitable principles, Defendant's profits, Intelligent Change's

damages, and the costs of this action, together with enhanced monetary relief and reasonable attorneys' fees as permitted by 15 U.S.C. § 1117.

**CLAIM II**
**Infringement of Federally Registered Trademark**
**(Section 32 of the Lanham Act, 15 U.S.C. §1114)**

65. Intelligent Change incorporates by reference Paragraphs 1 through 64 as though fully set forth herein.

66. Intelligent Change is the owner of all right, title and interest in and to the mark THE FIVE MINUTE JOURNAL + Design embodied in United States Trademark Registration No. 8,268,983:

The
FIVE MINUTE
JOURNAL

for use in connection with, *inter alia*, printed notebook journals with prompts.

67. Upon information and belief, Defendant had actual knowledge of the mark THE FIVE MINUTE JOURNAL + Design owned by Intelligent Change and, without the consent of Intelligent Change, knowingly and deliberately used in commerce, in connection with the sale of journal notebooks, a mark which is likely to cause confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(1).

68. Specifically, Defendant used the mark:




in connection with the sale of notebook journals.

69. Defendant's use of the mark THE GRATITUDE JOURNAL + Design mark creates a likelihood of consumer confusion in the marketplace vis-a-vis the mark THE FIVE MINUTE JOURNAL + Design owned by Intelligent Change.

70. The acts of Defendant as described herein constitute infringement of the mark THE FIVE MINUTE JOURNAL + Design embodied in the '983 Registration.

71. As a direct and proximate cause of the infringing acts of Defendant, Intelligent Change has been damaged in an amount to be determined at trial.

72. Intelligent Change is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Defendant and the cost of the action under 15 U.S.C. §1117.

73. The acts of Defendant as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

74. The acts of Defendant as described herein have caused and will continue to cause serious irreparable injury to Intelligent Change and to the goodwill associated with the mark THE FIVE MINUTE JOURNAL + DESIGN unless restrained and enjoined by this Court. Intelligent Change has no adequate remedy at law.

**CLAIM III**
**NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES**
**(N.C. Gen. Stat. § 75-1.1)**

75. Intelligent Change incorporates by reference Paragraphs 1 through 74 as though fully set forth herein.

76. The activities of Defendant as described in the forgoing paragraphs, and in each cause of action herein asserted, constitute unfair and/or deceptive trade practices that have occurred and are occurring in commerce and have proximately caused and are proximately causing injury to Intelligent Change. Thus, these activities violate North Carolina statutory prohibition of unfair and deceptive trade practices. N.C. Gen. Stat. §75-1.1.

77. By reason of the foregoing, Intelligent Change is entitled to recover from Defendant, treble damages and reasonable attorneys' fees, pursuant to N.C. Gen. Stat. §75-16 and 75-16.1.

**CLAIM IV**
**NORTH CAROLINA COMMON-LAW TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION**

78. Intelligent Change incorporates by reference Paragraphs 1 through 77 as though fully set forth herein.

79. Defendant has used a mark in commerce in connection with the provision of gratitude journals which is likely to create, and has created, consumer confusion in the marketplace; therefore those activities constitute trade dress infringement under the common law of North Carolina.

80. The activities of Defendant as described herein are unfair acts that have damaged the legitimate business of Intelligent Change; therefore those activities constitute unfair competition pursuant to the common law of North Carolina.

81. Intelligent Change has been damaged by the conduct of Defendant as described herein and will continue to be so damaged in the absence of relief from this Court.

**WHEREFORE**, Intelligent Change respectfully prays:

A. That Defendant be found liable for Federal Trade Dress Infringement and Federal Unfair Competition resulting from his unauthorized use of the THE FIVE MINUTE JOURNAL Trade Dress in connection with the sale of gratitude journals;

B. That Defendant together with its agents, servants, employees and attorneys and all those in active concert or participation with it, be permanently and forever enjoined from using the THE FIVE MINUTE JOURNAL Trade Dress or any trade dress confusingly similar thereto;

C. That Intelligent Change be awarded judgement for damages against Defendant resulting from violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)) for Federal Unfair Competition, in an amount to be fixed by the Court which in its discretion it finds just, including: 1) all profits received by Defendant from sales and revenues of any kind as a result of the actions complained of herein; and 2) all damages sustained by Intelligent Change as a result of Defendant's acts, and that such damages be trebled; and 3) That, in light of the deliberate and willful actions of Defendant this action be designated an exceptional case, thereby entitling Intelligent Change to an award of all reasonable attorneys' fees, costs, and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

D. That Defendant be found liable for Federal Trademark Infringement resulting from his unauthorized use of the mark THE GRATITUDE JOURNAL + Design in connection with the sale of gratitude journals;

E. That Defendant together with his agents, servants, employees and attorneys and all those in active concert or participation with him, be permanently and forever enjoined from using the

mark THE GRATITUDE JOURNAL + Design in connection with the sale of gratitude journals;

F. That Intelligent Change be awarded damages resulting from Defendant's acts of Federal Trademark Infringement (15 U.S.C. §1114) in an amount to be fixed by the Court which in its discretion it finds just, including:

   a. all profits received by each Named Defendant from sales and revenues of any kind as a result of the actions complained of herein; and

   b. all damages sustained by Intelligent Change as a result of Defendant's acts of infringement and unfair competition, and that such damages be trebled; and

   c. that, in light of the deliberate and willful actions of Defendant this action be designated an exceptional case, thereby entitling Intelligent Change to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Intelligent Change as a result of this action, pursuant to 15 U.S.C. § 1117, and that Intelligent Change be awarded such relief;

G. That Intelligent Change be awarded judgment for damages as a result of each of the unfair and deceptive trade practices committed by Defendant and that those damages be trebled pursuant to N.C. Gen. Stat. §75-16 and that Intelligent Change be awarded reasonable attorneys' fees pursuant to N.C. Gen Stat. §75-16.l;

H. That Intelligent Change be awarded judgment for damages resulting from Defendant's common law trade dress infringement and common law unfair competition;

I. That this Court award any and all relief not here enumerated that this Court should deem just and equitable; and

J. That all triable issues be brought before a jury.

Respectfully Submitted,

This the 21st day of September, 2026.

s/ Matthew J. Ladenheim
N.C. Bar No. 29309

STOBBS
214 W. Tremont Ave, Suite 303
Charlotte, NC 28203
T: (704) 702-6007
E: Matthew.Ladenheim@iamstobbs.com
*Counsel for Plaintiff*